# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JERMICHAEL DESPER, II, | : | Case No. 2:24-cv-4132 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| NOBLE CORRECTIONAL INSTITUTION, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

Plaintiff filed a prisoner civil rights complaint in this Court on November 5, 2024. *See* Doc. 1. Plaintiff has not paid the filing fee or filed a complete motion for leave to proceed *in forma pauperis*, and he has not signed his Complaint to commence this action.

On November 6, 2024, the Clerk of Court entered a Notice of Deficiency, informing Plaintiff that he failed to submit the required filing fee or a motion for leave to proceed *in forma pauperis*, and that he failed to sign the Complaint and submit the required civil cover sheet. (Doc. 2). The Clerk requested that Plaintiff cure the deficiencies within thirty days. *Id*.

On December 6, 2024, Plaintiff filed a motion for leave to proceed *in forma pauperis* but failed to sign the motion and submit a certified copy of his prisoner trust fund account balance[2] (*see* Doc. 3), as required by the Prison Litigation Reform Act. 28 U.S.C. § 1915(a)(2). With his

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] Additionally, Plaintiff's unsigned motion did not include a "Certificate" page (page 8 of the Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form, completed and signed by the institutional cashier). (*See* Doc. 3).

motion, Plaintiff refiled his Complaint with the required civil cover sheet but still failed to sign the Complaint. (Doc. 3-1, PageID 25 (unsigned Complaint); Doc. 3-2 (Civil Cover Sheet)).

On December 16, 2024, the Court issued a Deficiency Order, directing Plaintiff to refile a signed Complaint and either pay the required filing fee or file a completed and signed motion for leave to proceed *in forma pauperis* within thirty days if he wished to proceed with this action. (Doc. 4). Plaintiff was advised that if he did not comply with the Court's Order his case would be dismissed for want of prosecution. *Id*. at PageID 33 (citing *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)).

To date, more than thirty days after the December 16, 2024 Deficiency Order, Plaintiff has failed to respond.

"District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for Plaintiff's failure to comply with the Court's December 16, 2024 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED without prejudice** for want of prosecution. In light of this recommendation, it is further **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be **DENIED**.

**IT IS SO RECOMMENDED.**

February 5, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

2

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).